## ENGLAND v. GEBHARDT.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

Submitted November 20, 1884.—Decided December 8, 1884.

No question of fact can be re-examined in this court on a writ of error, unless the evidence is brought into the record by a bill of exceptions, or some method known to the practice of courts of error for that purpose is adopted, such as, for instance, an agreed. statement of facts, or a special finding in the nature of a special verdict.

Papers on file in the court below are not part of the record in the case when brought here by writ of error, unless they are put into the record by some action of the court below, as by bill of exceptions or some equivalent act.

The opinion of the court below, when transmitted with the record in accordance with Rule 8, § 2, is no part of the record.

This was a writ of error brought under the act of March 3, 1875, ch. 137, § 5, 18 Stat. 472, to reverse an order of the Circuit Court remanding a suit at law to the State court from which it had been removed. The suit was begun by Jacob W. Gebhardt, the defendant in error, against Isaac W. England, the plaintiff in error, in the Supreme Court of New Jersey, and a summons was duly served on England. The pleadings were made up and issue joined in the State court. When that was done there was nothing in the record to show the citizenship of the parties; but, on the 6th of September, 1883, which was in time, England filed a petition, accompanied by the necessary bond for the removal of the suit to the Circuit Court of the United States for the District of New Jersey. The petition set forth that England was a citizen of New Jersey and Gebhardt a citizen of New York, both at the time of the commencement of the suit, and at the time of the presentation of the petition. The removal was asked for solely on the ground of the citizenship of the parties. Upon the presentation of the petition, the State court entered an order to the effect that it would proceed no further, and a copy of the record was filed in the Circuit Court on the 25th of September.

On the 14th of March, 1884, the following order was made in the cause:

" This cause coming on to be heard on a motion to remand this cause, to the New Jersey Supreme Court, in the presence of Joseph A. Beecher, attorney for the plaintiff, and of A. Q. Keasbey, attorney for the defendant, and the matter having been argued by the respective attorneys, and the court having taken time to consider the same, and the court being of opinion that there is not in said cause so attempted to be removed to this court a controversy between citizens of different States, according to the true intent and meaning of the act of Congress in this behalf, it is now, . . . on motion of Joseph A. Beecher, ordered that the said motion be, and the same is hereby, granted, and this cause is remanded to the New Jersey Supreme Court to proceed therewith according to law, and it is further ordered that the said plaintiff do recover of the said defendant, Isaac W. England, the costs of this motion to be taxed."

The motion on which this order was made was not set out in the record. There were, however, in the transcript what purported to be certain affidavits sworn to in the months of November and December, 1883, and filed February 25, 1884, which had indorsed thereon, " Affidavits, on motion to remand," and there was also what purported to be the opinion of the judge denying the motion, from which it appeared that " the motion to remand this cause was founded upon the allegation that both the plaintiff and defendant were citizens of the State of New Jersey when the summons was issued and served and the petition for removal was filed. It was resisted by the defendant upon the ground that at both of these periods of time the plaintiff was residing in, and was a citizen of New York." There was no bill of exceptions in the record, and no authentic finding or statement of the facts on which the order to remand was made, or of the evidence submitted by the parties. Neither did the order to remand itself refer in any manner to the affidavits as the foundation of the action which was taken.

*Mr. A. Q. Keasbey* for plaintiff in error.—Before the act of 1875, 18 Stat. 470, an order remanding a cause to a State

court was not reviewable. *Insurance Co.* v. *Comstock*, 16 Wall. 258; *Railroad Co.* v. *Wiswall*, 23 Wall. 507. But the act of 1875, section 5, provided that if in any suit removed "it shall appear to the satisfaction of the Circuit Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court," the court shall remand the suit and make such order as to costs as shall be just; "but the order dismissing or remanding said cause to the State court shall be reviewable in the Supreme Court on writ of error or appeal as the case may be." The only question before the Circuit Court on the motion to remand was that of the citizenship of the plaintiff below, upon which its jurisdiction depended. It decided this question, which was a mixed one of law and fact, against the plaintiff in error, and made an order to remand. That order the statute expressly makes reviewable in this court. The plaintiff in error has the right, under the statute, to submit that question on which the jurisdiction depended for decision here. In *St. Paul & Chicago Railway Co.* v. *McLean*, 108 U. S. 212, the court held that where the Circuit Court refused to exercise its discretion to allow a party seeking to remove a cause to file the transcript after the first day of the term, this court would not interfere with such discretion, unless it was clearly improperly exercised. But what is sought to be reviewed in this case is not an exercise of the discretion of the Circuit Court, but its judgment on the law and the facts, out of which the question of its jurisdiction arose. This is expressly made a subject of review in this court by the statute. The record shows that it was erroneous; it should be reversed.

*Mr. John R. Emery* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court. He recited the facts as above stated, and continued:

It was decided in *Babbitt* v. *Clark*, 103 U. S. 606, 611, that "Congress evidently intended that orders of this kind made in suits at law should be brought here by writ of error, and that

where the suit was in equity an appeal should be taken." This was a suit at law, and it was, therefore properly brought here by writ of error. But as a writ of error brings up for review only such errors as are apparent on the face of the record, it follows that nothing can be considered here on such a writ in this class of cases, any more than in others, that is not presented in some appropriate form by the record. This record shows an averment in the petition for removal that the parties to the suit were citizens of different States, and a finding of the court that they were not. This implies the finding of a fact upon evidence submitted upon a hearing by the court, but before the questions presented and decided at such a hearing can be re-examined on a writ of error, they must be brought into the record by a bill of exceptions, or an agreed statement of facts, or a special finding in the nature of a special verdict, or in some other way known to the practice of courts of error for the accomplishment of that purpose. *Storm* v. *United States,* 94 U. S. 76, 81 ; *Suydam* v. *Williamson,* 20 How. 427 ; *Baltimore & Potomac Railroad Co.* v. *Trustees Sixth Presbyterian Church,* 91 U. S. 127, 130. That this rule is applicable to the class of cases to which that now under consideration belongs was expressly decided in *Kearney* v. *Denn,* 15 Wall. 51, 56.

The record in the case contains nothing of the kind. The affidavits, copies of which appear in the transcript, form no part of the record proper. The mere fact that a paper is found among the files in a cause does not of itself make it a part of the record. If not a part of the pleadings or process in the cause, it must be put into the record by some action of the court. *Sargeant* v. *State Bank of Indiana,* 12 How. 371, 384 ; *Fisher* v. *Cockerell,* 5 Pet. 248, 254. This may be done by a bill of exceptions, or something which is equivalent. Here, however, that has not been done. It nowhere appears that the affidavits were ever brought to the attention of the court, much less that they constituted the evidence on which the ruling was made. The case is, therefore, in this respect, different from *Bronson* v. *Schulten,* 104 U. S. 410, 412, where the order setting aside the judgment referred to and identified

in terms the affidavits found in the transcript as the foundation of the order which was made.

Neither is the opinion of the court a part of the record. Our Rule 8, sec. 2, requires a copy of any opinion that is filed in a cause to be annexed to and transmitted with the record, on a writ of error or an appeal to this court, but that of itself does not make it a part of the record below.

*The order to remand is affirmed.*