RIVERA ET AL., PETITIONERS AND APPELLANTS, v. PEOPLE,
CONTESTANT AND APPELLEE.

APPEAL from the District Court of Guayama in a Habeas
Corpus Proceeding.

No. 1493.—Decided April 23, 1920.

APPEAL—HABEAS CORPUS—STATEMENT OF CASE.—On appeal from a decision of
a district court in a habeas corpus proceeding holding that there is probable
cause for the imprisonment of the defendant, in order that the Supreme Court
may pass upon the merits of the case it is necessary to place before it the
evidence examined in the lower court, and it is not the duty of the judge
or of the clerk of that court, but of the appellant, to prepare for that pur-
pose a bill of exceptions, or a statement of the case, or a transcript of the
evidence.

The facts are stated in the opinion.

Messrs. J. Soto Rivera and C. B. Buitrago for the ap-
pellants.

Mr. J. E. Figueras, Fiscal, for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Juan Rivera and others presented an application of
habeas corpus to Hon. J. A. López Acosta, Judge of the
District Court of Guayama, alleging that they were deprived
of their liberty under a charge of arson and that the district
attorney had no proof in his possession against them. The
court's final order in the case reads as follows:

"This case of habeas corpus having come up for hearing, after
examining the record presented by the fiscal and considering the
evidence of Félix Zayas, Otto Biermer, Nicolás Báez, José Fernández,
Juan Vicente, Vicente Zayas and Atilano Santiago, the court holds
that there is sufficient probable cause for the detention of these
defendants until they shall have furnished bail in the amount fixed
by the fiscal, wherefore the writ is discharged."

The petitioners appealed, but in the transcript remitted
to us there is no statement of the case, nor anything to show
the nature of the proof submitted to the court at the hear-
ing of the writ. Therefore the fiscal, representing presum-
ably the jailer, asks us to affirm the judgment. In the case

of *Ex parte Amy* and *The People,* 20 P. R. R. 193, a habeas
corpus case alleging insufficiency of the proof, the clerk of
the district court remitted to this court some of the written
proof submitted at the trial, but we decided that the clerk·
was not the person to certify to the proofs at the hearing,
and as there was nothing to show what was the evidence
submitted at the said hearing, the judgment was affirmed.
That case would seem to be decisive of the present one,
but a fresh doubt has arisen by reason of the wording of
the law of 1903 in regard to appeals in habeas corpus cases.

The particular words are as follows:

"The court or judge from whose order the appeal is taken shall·
transmit to the Supreme Court all the proceedings resulting in said·
order."

As intimated in *Ex parte Amy, supra,* the evidence at·
the trial is not a proceeding. The proof at the trial forms
no part of the record until made so by a bill of exceptions
or statement of the case duly certified by the court. *England
v. Gebhart,* 112 U. S. 502; *Río Grande Irrigation Company
v. Gildersleeve,* 174 U. S. 603, appeal from Territory of New
Mexico, citing the principal case; *People of Porto Rico v.
Emmanuel,* 235 U. S. 251; *Sosa v. American Railroad Com-
pany,* 10 P. R. R. 449; *Orama v. Oyanguren,* 19 P. R. R. 294.

The word "judge" as used in apposition to "court" can
only mean when a single judge tries a case instead of the
court itself, for example a judge of this court. In 1903 when
the law was passed the district courts were composed of
three judges. So that when the law orders the court to remit
the proceedings on appeal it is always the duty of the clerk
as the ministerial officer of· the court to comply with the
mandate. This duty is not different from that imposed by
the law on the clerk of the district court in criminal cases,
who must remit a number of things and among them "the·
bill of exceptions, if any," or the "statement of the case,
if any." §356 C. Cr. Pr. It is only the duty of the clerk

to remit the evidence when properly approved by the court. So, similarly, is the law of 1919, pp. 678, 679.

There is nothing to show that the Legislature intended to impose a special ministerial duty on the "judge" as distinguished from the "court." When the Legislature has desired to impose such a duty on the court it has done so in plain language, as it did in 1911 when on failure of the attorney in a capital case it is made the duty of the judge to prepare a statement of the evidence submitted to the jury.

The judge is not obliged to integrate the proof in a case like this until a due statement is prepared and submitted to him in any of the various ways enunciated in the law. A proceeding of habeas corpus is technically a civil one and the parties, if they desire, possibly could make use of the law of 1919 allowing the use of stenographer's notes. The appellant presumably had a full hearing before the District Court of Guayama.

We fail to see any duty which the court neglected to perform, or any error, and the order must be

*Affirmed.*

Chief Justice Hernández and Justice Aldrey concurred. Justices del Toro and Hutchison dissented.