Ex parte Felipe Rodríguez-López, Petitioner and Appellant.

No. 2611.—Decided November 6, 1925.

Habeas Corpus—Appeal—Transcript.—In this case section 4 of the Habeas
　　Corpus Act (Comp. 6550) was construed and it was held that in said pro-
　　ceedings the trial judge is not required to send up with the record of the
　　case the evidence examined before him, it being the duty of the appellant
　　to include it as part of the record by any of the means established by law
　　if he desires said evidence to be sent up to the appellate court.

Motion to correct the record on appeal.　*Overruled.*

*Román Díaz Collazo* for the appellant.　*José E. Figueras, Fiscal,*
　　for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the
　　court.

A petition for a writ of habeas corpus was filed in the
Second District Court of San Juan and after hearing and
considering the evidence introduced by The People the said
court dismissed it.

The petitioner took this appeal and the clerk of the dis-
trict court sent up to the office of the secretary of this court
the transcript of the record.

The petitioner then filed a motion which reads in part
as follows:

"That at the hearing in the lower court on this petition stenographic notes of motions and petitions made by this appellant as well as of the rulings of the court on said petitions and motions were taken.

"That in the transcript of the record sent up to this court the said stenographic notes have not been included.

"That the said stenographic notes are an essential and indispensable part of the proceeding in the lower court and are necessary to this appellant for the purpose of his present appeal.

"Wherefore, the petitioner-appellant moves this court to order the court wherein this case originated to send up to this court a duly certified copy of the stenographic notes referred to."

The motion was referred to the *fiscal* who objected to the granting of the motion, citing the cases of *Rivera et al.* v. *People,* 28 P.R.R. 348, and *Ex Parte Amy,* 20 P.R.R. 193.

In the *Rivera Case, supra,* a majority of the court said:

"The petitioners appealed, but in the transcript remitted to us there is no statement of the case, nor anything to show the nature of the proof submitted to the court at the hearing of the writ. Therefore the *fiscal,* representing presumably the jailer, asks us to affirm the judgment. In the case of *Ex parte Amy* and *The People,* 20 P.R.R. 193, a habeas corpus case alleging insufficiency of the proof, the clerk of the district court remitted to this court some of the written proof submitted at the trial, but we decided that the clerk was not the person to certify to the proofs at the hearing, and as there was nothing to show what was the evidence submitted at the said hearing, the judgment was affirmed. That case would seem to be decisive of the present one, but a fresh doubt has arisen by reason of the wording of the law of 1903 in regard to appeals in habeas corpus cases.

"The particular words are as follows:

" 'The court or judge from whose order the appeal is taken shall transmit to the Supreme Court all the proceedings resulting in said order.'

"As intimated in *Ex parte Amy, supra,* the evidence at the trial is not a proceeding. The proof at the trial forms no part of the record until made so by a bill of exceptions or statement of the case duly certified by the court. *England* v. *Gebhart,* 112 U. S. 502; *Rio Grande Irrigation Co.* v. *Gildersleeve,* 174 U. S. 603, appeal

from Territory of New Mexico, citing the principal case; *People of Porto Rico* v. *Emmanuel,* 235 U. S. 251; *Sosa* v. *American Railroad Co.,* 10 P.R.R. 449; *Orama* v. *Oyanguren,* 19 P.R.R. 294.

  &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

"The judge is not obliged to integrate the proof in a case like this until a due statement is prepared and submitted to him in any of the various ways enunciated in the law. A proceeding of habeas corpus is technically a civil one and the parties, if they desire, possibly could make use of the law of 1919 allowing the use of stenographer's notes. The appellant presumably had a full hearing before the District Court of Guayama."

In view of what has been held and what is asked in the motion, that is, that the trial judge be ordered to send up a copy of the stenographer's notes, the motion must be overruled.

Mr. Justice Wolf took no part in the decision of this case.