## BELLAVANCE v. FRANK MORROW CO., Inc.

### No. 3914.

Circuit Court of Appeals, First Circuit.

March 17, 1944.

Harold E. Cole, of Boston, Mass., for appellant.

Nathaniel Frucht, of Providence, R. I., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

After our opinion in the above case was handed down on February 4, 1944, the plaintiff seasonably filed a petition for rehearing. On February 24 we denied this petition. On March 3 the plaintiff filed a motion in which he asked us to reconsider our denial of his petition for rehearing for the reason that the decision of the Supreme Court in Goodyear Tire & Rubber Co. et al. v. Ray-O-Vac. Co., 64 S.Ct. 593, in practical effect overruled Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 91, 62 S.Ct. 37, 86 L.Ed. 58, the case upon which we and the district court heavily relied in concluding that the claims of the plaintiff's patents were invalid for lack of invention. He says that the Goodyear case reverses the past trend of the Supreme Court toward an ever stricter application of the standard of invention.

The argument is invalid because it fails to take into account the difference in the way

the question of invention was presented to the Supreme Court by the two cases cited above.

In the Cuno case the Supreme Court granted certiorari to resolve a conflict between decisions of the Second and Seventh Circuit Courts of Appeals on the question of the validity of the claims in suit, and it therefore necessarily could not apply "the well-settled rule that the concurrent findings of the lower courts on questions of fact will be accepted by this court unless clear error is shown", but instead had itself to give "consideration to the question as to which of the decisions upon this question of fact [the question of invention], in the light of the prior art, is based upon the sounder reasoning." Thomson Spot Welder Co. v. Ford Motor Co., 265 U.S. 445, 447, 44 S.Ct. 533, 534, 68 L.Ed. 1098; Sanitary Refrigerator Co. v. Winters, 280 U.S. 30, 36, 50 S.Ct. 9, 74 L.Ed. 147.

In the Goodyear case, however, the Supreme Court did not grant certiorari to resolve conflicting decisions below, but granted the writ to review an affirmance by the Circuit Court of Appeals for the Seventh Circuit of a district court decree holding certain claims of a patent valid and infringed.[1] In this situation a majority of the court decided that the case was not strong enough to justify setting aside the concurrent findings of the two courts, district and circuit court of appeals, to the effect that the claims in suit were valid in that they disclosed an exercise of the faculty of invention. What it did in the Goodyear case, therefore, does not indicate that it is receding from the strict application of the standard for invention established in the Cuno case, which was not mentioned in the Goodyear opinion. What the cases cited above indicate is that the question of invention is one of fact, and that the Supreme Court will treat it as such and reverse only for clear error when it grants certiorari in the absence of conflict below, but that when there is conflict below and the Supreme Court in consequence can apply the standard of invention either strictly or liberally, it will apply the standard strictly. The situation may be unfortunate in that it leads to the unequal application of the patent law—a relatively trifling contribution may eventually obtain the protection of a patent while a more important one may not, depending upon whether or not there is a conflict of view between circuits—but this is not a problem for us to cope with. The most that circuit courts of appeals and district courts can do is what we and the court below have done here, that is, apply to the best of our ability the standard as we think the Supreme Court would apply it if a conflict between circuits should arise and certiorari should for that reason be granted. As the law now stands this is the only way we and the district courts can aid in obtaining a uniform application of the patent law. In the Goodyear case there is a statement by three of the dissenting Justices, quoting Mahn v. Harwood, 112 U.S. 354, 358, 5 S.Ct. 174, 6 S.Ct. 451, 28 L.Ed. 665, decided in 1884, that the question of invention is not one of fact at all but one of law to be decided by the courts. This is not in accord with the categorical statement in the Thomson Spot Welder Company case, supra, decided in 1924, that: "The question whether an improvement requires mere mechanical skill or the exercise of the faculty of invention, is one of fact; and in an action at law for infringement is to be left to the determination of the jury." See also Hazeltine Corp. v. General Motors Corp., 3 Cir., 131 F.2d 34, 37 and cases cited. But, as I attempted to point out, I now think inadequately, in Hanovia Chemical & Mfg. Co. v. David Buttrick Co., 1 Cir., 127 F.2d 888, 889, this statement of the minority is in accord with judicial behavior in a great many cases. However, since a majority of the court in the Goodyear case obviously treated the question of invention as one of fact, as we did in the case at bar, we see no reason here to do more than advert again to the confusion in the law with respect to the nature of the question of patentable invention.

The motion to reconsider the plaintiff's petition for rehearing is denied.

---

[1] See also Williams Mfg. Co. v. United Shoe Machinery Corp., 316 U.S. 364, 62 S.Ct. 1179, 86 L.Ed. 1537.