**BOWLES, Administrator, OPA, v. DODGE.**

**No. 10601.**

Circuit Court of Appeals, Ninth Circuit.

March 29, 1944.

Richard H. Field, Acting Gen. Counsel, Thomas I. Emerson, Deputy Administrator in Charge of Enforcement, Fleming James, Jr., Director, Litigation Division, David London, Chief, Appellate Branch, and Karl Lachmann, Atty., OPA, all of Washington, D. C., and Ben C. Duniway and Myer C. Symonds, Attys., OPA, both of San Francisco, Cal., and McDannell Brown, Atty., OPA, of Portland, Ore., for appellant.

No appearances were entered for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

On July 14, 1943, a decree for permanent injunction was entered in an action brought under § 205(a) of the Emergency Price Control Act of 1942, 56 Stat. 23, ch. 26, 50 U.S.C.A.Appendix, § 925(a) by the appellant Administrator, Office of Price Administration, for such injunction, based upon alleged violations of the orders of the Office of Price Administration fixing maximum rentals for the defendant's property. This decree was predicated upon a stipulation of the parties wherein the facts of the alleged violation of the regulation (Maximum Rent Regulation No. 32 A) were stipulated and it was stipulated that a permanent injunction should issue in the following terms:

"That the defendant, her agents, servants, employees, attorneys, and all persons in active concert or participation with the defendant be and they are each and all hereby permanently enjoined from directly or indirectly demanding or receiving rents for the housing accommodations in the rooming house at 133 N.W. 18th Avenue, Portland, Multnomah County, Oregon, in excess of those established by the Rent Regulation for Hotels and Rooming Houses."

The injunction contained in the decree differed in form and effect from that set out in the stipulation in that it fixed specifically the rentals that could be collected, and enjoined the defendant "from directly or indirectly demanding or receiving rents for the housing accommodations * * * in excess of" the rates therein fixed.

On the 23rd of August, 1943, the court entered an order of its own motion in the absence of the parties vacating the decree theretofore rendered upon the ground that the entry of the decree was erroneous and inadvertent. The plaintiff took an appeal from this order of which we have jurisdiction because it vacated a decree for an injunction. 28 U.S.C.A. § 227. It was not a final decree. Upon this appeal the defendant has made no appearance. The question involved on this appeal is whether or not the action of the trial judge in vacating the decree upon his own motion without the knowledge or consent of the parties abused his discretion. No clue is given in the record as to why this stipulated decree was vacated other than in the opinion of the trial judge setting forth the reasons for the vacation of

970

the decree. While under the rules the opinion of the trial judge must be printed it is no part of the record. England v. Gebhardt, 112 U.S. 502, 506, 5 S.Ct. 287, 28 L.Ed. 811. Without the statements in the opinion the order vacating the decree would be arbitrary and entirely without foundation. We therefore look to the opinion to ascertain whether or not the order appealed from should be reversed.

We quote the following excerpts from the opinion: "Upon refusal of the court to enter injunction in this form [stipulated form], another form of judgment was substituted enjoining defendant from charging any rents above a certain schedule. This latter was inadvertently entered by the court."

The opinion also states: "In no event should defendant be enjoined from charging no more than the maximum prices as fixed August 25, 1942."

Thus it would seem that one purpose of the judge in vacating the decree granting the permanent injunction was to eliminate from the terms of the injunction anything which would restrict the defendant from charging ceiling prices thereafter fixed, although in excess of those fixed in the order of August 25, 1942, and set out in the decree.

The opinion also states: " * * * the stipulation shows that the violation of the presently existing regulation was not wilful, but through ignorance." The stipulated fact upon which this statement is based states: "The defendant in demanding and receiving rent in excess of the above-stated legal maximum did not willfully violate the rent regulation for hotels and rooming houses." The opinion states: "The violations are comparatively minor and the stipulation shows full restoration has been made, except that plaintiff will make a 'voluntary contribution' to the Treasury of the United States of the excess which she is not able to refund. The stipulation on its face, therefore, bears evidence of compulsion." The opinion does not state the basis of the conclusion that the stipulation shows compulsion, but the more important point is that the defendant makes no charge of compulsion and no

complaint thereof either in the trial court or in this court.

Other statements in the opinion indicate that the judge was dissatisfied with the decree already entered because of the scope of the injunction and left in doubt what action he proposed to take if and when the parties appeared before him.[1]

Where, as here, the law provides for a permanent injunction and where the parties have stipulated to the facts and to the form of an injunction, and where the court has entered a judgment based upon that stipulation and neither party manifests any dissatisfaction with the decree, we hold that it is an abuse of discretion for a judge, of his own motion, to set aside the decree.

The order vacating the decree is reversed.

---

[1] We do not discuss the question as to the power of a court of equity to mould its decrees to conform to equitable principles, as asserted by the trial judge in his opinion, because that matter has been covered by a recent decision of the Supreme Court handed down February 28, 1944 after this case was briefed on appeal. Hecht Co., Petitioner, v. Bowles, Administrator of the Office of Price Administration, 64 S.Ct. 587.