### In re D'ARCY.

### No. 8612.

Circuit Court of Appeals, Third Circuit.

Argued March 20, 1944.

Decided April 28, 1944.

As Amended May 16, 1944.

314

Henry W. Parker, of New York City, for appellant.

Simon J. Griffinger, of Newark, N. J., for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The Morris Plan Industrial Bank of New York, the present appellant, filed in the district court for the District of New Jersey its petition to review an order of a referee granting the bankrupt his discharge. On June 18, 1943 the district court filed what was described as a "Memorandum" but which appears to have been the opinion of the court upon the question raised on the review. The memorandum ended, as is quite usual in the case of judicial opinions, with a sentence expressing in mandatory terms the conclusion of the court as to the disposition of the matter. The language was: "The order of discharge is affirmed." The paper, which was not signed by the district judge, was entered by the clerk of the district court in his docket under the date of filing with the notation: "Memorandum (Smith)". No order of the court was noted in the docket at that time or at any time thereafter prior to February 10, 1944. On the latter date the district court entered the following order:

"Ordered, that the petition for a review of the order of the Referee granting the Bankrupt his discharge, be and the same hereby is dismissed as of June 18th, 1943."

On February 19, 1944 the appellant took the present appeal which the bankrupt has moved to dismiss as not timely.

The Bankruptcy Act (sec. 25, sub. a, 11 U.S.C.A. § 48, sub. a), requires that appeals in bankruptcy "shall be taken within thirty days after written notice to the aggrieved party of the entry of the judgment, order or decree complained of, proof of which notice shall be filed within five days after service or, if such notice be not served and filed, then within forty days from such entry." Accordingly the present appeal was in time if the order of the district court was entered on February 10, 1944 but out of time if it must be deemed to have been entered on June 18, 1943. We think that no appealable order was entered by the district court until February 10, 1944 and that the appeal was timely.

In the federal courts an opinion is not a part of the record proper. England v. Gebhardt, 1884, 112 U.S. 502, 506, 5 S. Ct. 287, 28 L.Ed. 811. Consequently a statement in an opinion of the conclusion reached by the court, even though couched in mandatory terms, cannot serve as the order or judgment of the court. It is necessary that a definitive order or judgment be made and entered in the court's docket in due form. In Allegheny County v. Maryland Casualty Co., 3 Cir., 1943, 132 F.2d 894, 897, certiorari denied 318 U.S. 787, 63 S.Ct. 981, 87 L.Ed. 1154, we pointed out the vital importance of a court's judgment being clear and unambiguous. For similar reasons Civil Procedure Rule 79 (a), 28 U.S.C.A. following section 723c, requires that all orders and judgments of the district court in civil actions shall be noted in the docket on the folio assigned to the action and Rule 58 provides that the notation of a judgment in the docket as provided by Rule 79(a) shall constitute the entry of the judgment and that the judgment shall not be effective before such entry. By General Order 37, 11 U.S.C.A. following section 53, these rules are made applicable to bankruptcy proceedings.

In the present case the mandatory language contained in the opinion of the district court was never entered in its docket as an order. Consequently, even if it should be assumed that it complied with the formal requirements for a definitive order it never became effective as such, under the express terms of Rule 58. The first and only order which complied with the requirements of that rule was the one entered in the docket on February 10, 1944. Since under sec. 25, sub. a of the Bankruptcy Act the time for an appeal ran from the entry of the order and since under Civil Procedure Rule 58 it could not be effective prior to its entry, it is clear that the attempt of the court to date the order back to the time of the filing of its opinion was wholly ineffective to deprive the appellant of its right of appeal.

We do not wish to be understood as saying that a district court may not make and enter an order or judgment in connection with its opinion and at the same time that its opinion is filed. On the contrary this is customary and desirable practice. What we do say is that such an order or judgment should be framed in clear and definitive form and that it must be entered in the docket of the court, as provided by Rule 79(a), and notice of its entry given to the parties affected by it, as provided by Rule 77(d). Compare United States v. Hark, 1944, 320 U.S. 531, 64 S.Ct. 359.

The motion to dismiss the appeal is denied.