### ST. LOUIS AMUSEMENT CO. et al. v. PARAMOUNT FILM DISTRIBUTING CORPORATION et al.

#### No. 13180.

Circuit Court of Appeals, Eighth Circuit.

July 15, 1946.

Russell Hardy, of Washington, D. C. (Mat J. Holland and James H. Arthur, both of St. Louis, Mo., on the brief), for appellants.

Albert C. Bickford, of New York City (Lashly, Lashly, Miller & Clifford, Jacob M. Lashly and Israel Treiman, all of St. Louis, Mo., Simpson, Thacher & Bartlett, Whitney North Seymour, and Armand F. Macmanus, all of New York City, and Julius H. Drucker, of St. Louis, Mo., on the brief), for appellees Paramount Film Distributing Corp., RKO Radio Pictures, Inc., Twentieth Century-Fox Film Corp., and Warner Bros. Pictures Distributing Corp.

S. Mayner Wallace, of St Louis, Mo. (Edwin Foster Blair, of New York City, and Wesley A. Sturges, of New Haven, Conn., on the brief), for appellees American Arbitration Association and Harold D. Conner.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

PER CURIAM.

This action was brought by the owners and operators of several moving picture theatres in St. Louis against a number of picture distributing corporations and others [1] for injunction and treble damages for alleged violations of the Federal anti-trust laws. The complaint charged conspiracy in restraint of trade and concerted action by defendants to exclude the plaintiffs from the use of motion pictures except upon terms and conditions alleged to be unlawfully imposed and maintained by means of the conspiracy. The cause was heard by the trial court upon the complaint and the motion of the several defendants to dismiss and for summary judgment, and thereafter the court filed in the cause the document which appears in the transcript of record on appeal entitled "Opinion and Order Sustaining Motions of Defendants to Dismiss and for Summary Judgment." [2] It is in the conventional form of an opinion by the District Judge, disclosing the issues considered and the conclusions reached, and the dismissal and summary judgment determined upon are indicated in mandatory form in the words "The motions of defendants to dismiss and for summary judgments are sustained."

The plaintiffs in taking their appeal to this court have evidently considered and relied upon the written opinion of the trial judge as a final judgment in the cause, reviewable as such in this court, and the appeal has been briefed, argued and submitted on that assumption. But on the merits the case will present important questions of general interest in which the decision of this court may ultimately be intermediate and not final, and we have thought it necessary to carefully consider whether the record containing only an opinion which the District Judge has caused to be filed

---

[1] Paramount Pictures, Inc., Paramount Film Distributing Corporation, RKO Radio Pictures, Inc., Twentieth Century-Fox Film Corporation, Warner Bros. Pictures, Inc., Warner Bros. Pictures Distributing Corporation, Vitagraph, Inc., American Arbitration Association, Apollo Theatre Corporation, Harold D. Connor, Harry G. Erbs, Adolph Rosecan, Joseph Litvag.

[2] It bears the date of its composition August 6, 1945, and appears to have been filed in the office of the Clerk August 7, 1945.

and not disclosing the entry of a judgment as required by the Federal Rules, may be held to present to us a final judgment which we are empowered to review. We are mindful that if we proceed upon insufficient foundation of jurisdiction needless expense and delay will be occasioned.

Rule 79(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires the Clerk to keep a "civil docket" and to enter therein chronologically brief notations of each order or judgment. Rule 58 of the Rules provides in part: "The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry."

In view of Rule 58, we are constrained to hold that the mere filing of the judge's opinion in this case which is shown by the transcript of the record before us, does not establish that a final judgment has been entered which has been made effective in the manner prescribed by the Rules and which is reviewable in this court. If no judgment has been docketed, there is no judgment from which to appeal and the appeal is premature. We are in accord with the statement of the law by the Third Circuit Court of Appeals in In re D'Arcy, 142 F.2d 313, 315, as follows: "In the federal courts an opinion is not a part of the record proper. England v. Gebhardt, 1884, 112 U.S. 502, 506, 5 S.Ct. 287, 25 L. Ed. 811. Consequently a statement in an opinion of the conclusion reached by the court, even though couched in mandatory terms, cannot serve as the order or judgment of the court. It is necessary that a definitive order or judgment be made and entered in the court's docket in due form. In Allegheny County v. Maryland Casualty Co., 3 Cir., 1943, 132 F.2d 894, 897, certiorari denied 318 U.S. 787, 63 S.Ct. 981, 87 L.Ed. 1154, we pointed out the vital importance of a court's judgment being clear and unambiguous. For similar reasons Civil Procedure Rule 79(a), 28 U.S.C.A. following section 723c, requires that all orders and judgments of the district court in civil actions shall be noted in the docket on the folio assigned to the action and Rule 58 provides that the notation of a judgment in the docket as provided by Rule 79(a) shall constitute the entry of the judgment and that the judgment shall not be effective before such entry." Also see United States v. Hark, 320 U.S. 531, 64 S.Ct. 359, 88 L.Ed. 290; Uhl v. Dalton, 9 Cir., 151 F.2d 502.

The appeal is dismissed as prematurely taken.