**ST. LOUIS AMUSEMENT CO. et al. v. PARAMOUNT FILM DISTRIBUTING CORPORATION et al.**

No. 13422.

Circuit Court of Appeals, Eighth Circuit.

Nov. 25, 1946.

Russell Hardy, of Washington, D. C. (Mat J. Holland, of St. Louis, Mo., on the brief), for appellants.

Albert C. Bickford, of New York City (Lashly, Lashly, Miller & Clifford, Jacob M. Lashly, and Israel Treiman, all of St. Louis, Mo., Simpson, Thacher & Bartlett, of New York City, and Julius H. Drucker, of St. Louis, Mo., on the brief), for appellees Paramount Film Distributing Corporation, RKO Radio Pictures, Inc., Twentieth Century-Fox Film Corporation, and Warner Bros. Pictures Distributing Corporation.

S. Mayner Wallace, of St. Louis, Mo. (Edwin Foster Blair, of New York City, and Wesley A. Sturges, of New Haven, Conn., on the brief), for appellees American Arbitration Association and Harold D. Conner.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

The controversies involved in this appeal have been submitted to this court for the second time. On the first submission this court dismissed the appeal because the record did not disclose a final judgment of the District Court lawfully recorded and finally disposing of the case before it. The record did contain a memorandum opinion of the district judge in which the issues presented by motions of defendants to dismiss and for summary judgment were discussed and the conclusions reached by the court as to said motions were stated in mandatory form, but this court in per curiam opinion, reported 8 Cir., 156 F.2d 400, considered the record to be insufficient and dismissed the appeal as prematurely taken. Thereafter further entries were made in the case in the docket of the clerk of the District court that "in accordance with the opinion of the Court it is ordered that judgment be, and the same is hereby, entered sustaining the motions of defendants to dismiss and for summary judgment," and such entries have by leave of this court been added to the original transcript of appeal on file in this court. The motion addressed to this court to hear the appeal upon the transcript containing such additions recited that the final judgment of dismissal contemplated by our decision had been entered in the trial court and our direction for such hearing was on consideration of said recital.

But on examination of the transcript with the additional matter, we are not satisfied that the parties to this appeal have conformed to the decision of this court or have perfected a record upon which we may be empowered to review the merits of the controversies between them. The earnestness on both sides as to such merits doubtless distracts attention from the procedural matters to which this court of limited powers must look with meticulous care. The fact remains that on the transcript now presented to us we have a record of a ruling of the trial court on motions submitted to it and an opinion showing the court's reasons for its rulings in respect to such motions, but we still do not have what we declared in our per curiam opinion, supra, that we must have as foundation for review of the merits in this court, to-wit, a recorded final judgment of the District court finally disposing of the case before it. Its determination or adjudication upon the merits of motions submitted to it is not such final judgment. See and compare, City and County of San Francisco v. McLaughlin, 9 Cir., 9 F.2d 390; Wright v. Gibson, 9 Cir., 128 F.2d 865, 867; Cashion v. Bunn, 9 Cir., 149 F.2d 969. Before the plaintiffs in this action can invoke the jurisdiction of this court to review their case, the record on appeal must disclose that a final judgment has been rendered and entered in the District court adjudging that the plaintiffs take nothing by their action, that their complaint be and is dismissed, and that the defendants recover their costs. Under Rule 58 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, it is the duty of the clerk to enter the proper judgment "when the court directs the entry of a judgment that a party recover only money or costs or that there be no recovery." It seems to us that the order granting the defendants' motions for summary judgment in this case should have been treated by the clerk as a direction to enter a final judgment. We take the liberty of suggesting that the District court make an order directing the clerk to enter an appropriate judgment.

On this submission of the appeal the court is again constrained to order the appeal dismissed as prematurely taken.