## LOCKWOOD v. HERCULES POWDER CO.
### No. 13800.

United States Court of Appeals
Eighth Circuit.
Feb. 28, 1949.

As Amended on Denial of Rehearing
April 12, 1949.

Fred J. Freel, of Kansas City, Mo. (Robert L. Robertson and Henry A. Riederer, both of Kansas City, Mo., on the brief), for appellant.

John G. Madden, of Kansas City, Mo. (Thurber W. Kelley, of Kansas City, Mo., and Richard B. Stevens, of Lawrence, Kan., on the brief), for appellee.

Before SANBORN, THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the plaintiff in the District Court from two orders. The first was an order dated February 16, 1948, sustaining in part defendant's motion to dismiss the complaint in part and to make the complaint more definite and certain. The second order dated May 12, 1948, overruled plaintiff's motion for a rehearing and to set aside the order of February 16, 1948. No answer has been filed by the defendant

and no judgment has been entered or requested.

■ No motion to dismiss the appeal has been filed, but counsel for appellee suggest in their brief that the orders appealed from are not appealable orders. If an examination of the record sustains this suggestion this court is without jurisdiction, and it will be our duty to dismiss the appeal sua sponte. St. Luke's Hospital v. Melin, 8 Cir., 172 F.2d 532.

The action was commenced by the plaintiff as a representative action "on behalf of himself and others similarly situated" to recover overtime compensation, liquidated damages and attorney fees under section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b). The complaint was filed August 21, 1946, in which it was alleged that plaintiff and "others similarly situated" (but who were not named) were employees of the defendant at its manufacturing plant situated at or near De Soto, Kansas.

The defendant assailed the complaint by motion to dismiss, to strike portions of the complaint and for more definite statement. The motion to dismiss or to make the complaint more definite or certain was overruled and the motion to strike that part of the complaint seeking to recover for plaintiff's unnamed co-employees was sustained without prejudice to their rights to become parties to the action by any legal means.

On March 4, 1947, plaintiff filed a First Amended Complaint "on behalf of himself and others similarly situated", who were employed at defendant's plant in Kansas. In paragraph 8 of the complaint he alleged that he had been "specifically authorized to and does bring this action, not only for himself, but for the following named similarly situated parties", naming 215 alleged employees of the defendant at its Kansas plant, stating the "Occupation" and "Estimated under payment" of each.

Defendant thereupon moved to dismiss the amended complaint. Without a ruling upon the motion plaintiff with leave of court on September 9, 1947, filed a Second Amended Complaint, amplifying the allegations of the previously filed complaints. Meanwhile the Portal-to-Portal Act of 1947 had been approved on May 14, 1947. 29 U.S.C.A. § 251 et seq. Section 8, 29 U.S.C.A. § 257, of that act provides:

"Pending collective and representative actions: The statute of limitations prescribed in section 6(b) shall also be applicable (in the case of a collective or representative action commenced prior to the date of the enactment of this Act under the Fair Labor Standards Act of 1938, as amended) to an individual claimant who has not been specifically named as a party plaintiff to the action prior to the expiration of one hundred and twenty days after the date of the enactment of this Act. In the application of such statute of limitations such action shall be considered to have been commenced as to him when, and only when, his written consent to become a party plaintiff to the action is filed in the court in which the action was brought."

On October 3, 1947, defendant filed a motion to dismiss, to strike portions or require plaintiff to make more certain and definite the Second Amended Complaint. The motion alleged that no facts are alleged to support the averred conclusion that the action was brought by plaintiff on behalf of others similarly situated; and that the represented parties had not consented in writing to become plaintiffs, as provided in the Portal-to-Portal Act, supra.

The motion was sustained in part. The order struck the names and claims of all those on whose behalf plaintiff claimed to bring the action, except himself, and required him to set out his own claim more definitely.

On the merits, appellant contends that naming the "similarly situated parties" in the body of plaintiff's Second Amended Complaint prior to September 11, 1947 (the date when the statute of limitations became effective (Sec. 6 of the Portal-to-Portal Act)), was a compliance with the requirement of section 8, supra, and they could not, therefore, be required to file "written consent[s] * * * in the court in which the action was brought", and that the Portal-to-Portal Act is unconstitutional. If, however, the orders appealed from are not appealable orders, we may not consider or decide the appeal on its merits. Audi Vi-

sion, Inc. v. RCA Mfg. Co., 2 Cir., 136 F.2d 621, 147 A.L.R. 574.

We think the orders appealed from are not appealable; that they are not final orders but were subject to revision by the court at any time before the entry of judgment adjudicating all the claims. The claim of the plaintiff was not dismissed by the orders. That claim depended, on its merits, upon the same contractual and legal relations upon which the claims of the "similarly situated" parties rested. Revised Rule 54(b) of the Rules of Civil Procedure, effective March 9, 1948, 28 U.S.C.A. Rule 54(b) reads: "(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

The order of May 12, 1948, overruling the appellants' motion for a rehearing and to set aside the order of February 16, 1948, was entered subsequent to the effective date of Revised Rule 54(b), supra. The revised rule is, therefore, controlling.

The order of May 12, 1948, did not expressly direct the entry of a final judgment upon any of the claims asserted in the complaint. Neither did the court expressly determine that "there is not just reason for delay" in the entry of judgment. Compare Western Contracting Corporation v. National Surety Corporation, 4 Cir., 163 F.2d 456; Battaglia v. General Motors Corporation, 2 Cir., 169 F.2d 254. See also Petrol Corporation v. Petroleum Heat & Power Co., Inc., 2 Cir., 162 F.2d 327; Munson Line v. Green, 2 Cir., 165 F.2d 321; United States v. Braunstein, 2 Cir., 168 F.2d 749.

Appellant contends nevertheless that the orders are "Final decisions" within § 128 of the Judicial Code, as amended, 28 U.S.C.A. § 225(a) [now § 1291]. Even prior, however, to the revision of Rule 54(b) supra, it was the rule that "* * * whenever the question may be saved for disposition upon review of final judgment disposing of all issues involved in the litigation or in some other adequate manner" the order is not appealable. Catlin v. United States, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911. That the opinions of the Court of February 16, 1948, and of May 12, 1948, did not constitute "final decisions" of the district court within the meaning of Judicial Code § 128, 28 U.S.C.A. § 225. See St. Louis Amusement Co. v. Paramount Film Distributing Corporation, 8 Cir., 156 F.2d 400; and same case, 158 F.2d 30. Since the appellant claims to represent all the claims asserted in the complaint, if his contentions are meritorious, he can upon an appeal from a final judgment in the case secure a review of all adverse interlocutory orders in the proceedings where no final judgment was entered thereon under Rule 54(b).

For the foregoing reason the appeal is dismissed.