**In re FORSTNER CHAIN CORPORATION, Petitioner.**

**FORSTNER CHAIN CORPORATION v. MARVEL JEWELRY MFG. CO.**

Nos. 4421 Orig., 4425.

United States Court of Appeals
First Circuit.

Nov. 10, 1949.

---

See, also, 82 F.Supp. 243.

Nathaniel Frucht, Providence, R. I., for petitioner, appellant.

James J. Corrigan, Providence, R. I., for intervenor, appellee.

Before MAGRUDER, Chief Judge, WOODBURY, Circuit Judge, and CLIFFORD, District Judge.

MAGRUDER, Chief Judge.

No. 4425 presents an unusual situation. The appeal is from a ruling or order denying a motion to enter final judgment dismissing a complaint in a patent suit, this motion having been made by the losing plaintiff, Forstner Chain Corporation, on the theory that the granting of such motion was a prerequisite to the taking of an appeal. At first blush, an order of this sort might seem not to be a "final decision" appealable under 28 U.S.C.A. § 1291. Under the special circumstances, which we shall summarize below, we hold that the order is a "final decision". However, on the merits, we have concluded that the appeal must fail.

In No. 4421 Original, Forstner Chain Corporation sought as a cautionary measure to bring the same question to us by another procedural road, namely, a petition for a writ of mandamus directed to the district judge. We granted leave to file the petition and directed respondent to show cause why a writ of mandamus should not issue requiring respondent to order entry of a final judgment in the aforementioned patent suit. Respondent filed his return, showing cause. Marvel Jewelry Mfg. Company, defendant in the patent suit, and appellee in No. 4425, obtained leave to intervene in the mandamus proceedings and filed an answer to the peti-

tion. We shall dismiss the petition for a writ of mandamus, in view of our conclusion that the remedy of appeal is available to petitioner and has been properly availed of in No. 4425.

The complaint in the patent suit filed June 9, 1947, by Forstner Chain Corporation sought relief by way of injunction and an accounting for infringement of U.S. Letters Patent No. 2,401,297. In reply to defendant's motion for further particulars, plaintiff stated that its reliance was upon Claim 1 of the patent as being infringed by a certain described bracelet manufactured and sold by defendant. On February 1, 1949, the district judge filed in the office of the clerk a document entitled "Opinion", reaching the conclusion that Claim 1 of the patent was invalid for lack of invention. At the very end of this "Opinion" appeared the following language: "Judgment may be entered for the defendant for costs." D.C., 82 F.Supp. 243, 248. No separate formal document labeled "Judgment" or "Final Decree" was prepared and filed either by the district judge or by the clerk. However, under date of February 1, 1949, the clerk made the following notation at the appropriate place in his civil docket: "Opinion filed. (Copy given to Nathaniel Frucht, Esq. and James J. Corrigan, Esq.) Judgment entered for the defendant for costs. (Notice of entry of said judgment mailed to Nathaniel Frucht, Esq. and James J. Corrigan, Esq.)"

A deputy in the office of the clerk testified that on February 1, 1949, he mailed notices to the attorneys for both parties reading: "In accordance with Rule 77(d) of the Federal Rules of Civil Procedure you are hereby notified that judgment has been entered in the above entitled cause. Neale D. Murphy, Clerk"; and that neither of said notices had come back to the clerk's office undelivered. It appears that the attorney for the defendant received such notice; but the attorney for the plaintiff testified that the notice was not received by him either through the mail or otherwise. However, it is provided in Rule 77(d), 28 U.S.C.A., that mailing of such notice by the clerk "is sufficient notice for all purposes for which notice of the entry

of an order is required by these rules". And further: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a)." The latter rule provides that "the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from * * * except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed." Such a motion for a 30-day extension was made by plaintiff, and denied by the district judge on the ground that there had been "no showing of excusable negligence based on failure of plaintiff learning of judgment." The denial of this motion is not before us for review; nor are we, for present purposes, concerned with whether plaintiff's counsel actually received the notice of entry of judgment or not.

On March 17, 1949, plaintiff filed a motion "that the Court approve the attached final Decree." This proposed final decree, after the usual preliminary recitals, ordered, adjudged and decreed that "Claim 1 of U. S. Letters Patent No. 2,401,297 is invalid"; that "The complaint is dismissed"; and that "Costs be awarded to the defendant." After hearing on this motion, the court on March 21, 1949, denied the same, on the ground that final judgment in the case had already been duly entered on February 1, 1949, and that the time for taking an appeal had expired.

The present appeal is from the order of the district court denying plaintiff's aforesaid motion to enter final judgment.

▮▮ There is first the question whether the order appealed from is a "final decision" within 28 U.S.C.A. § 1291. The requirement of finality, as embodied in that section, is based upon a strong general policy against allowing piecemeal appeals. But here, from the point of view of the district judge he had already finally disposed of the case, and the motion to enter final judgment called upon him to do a superfluous and meaningless act. His denial of the motion had the element of finality, because he was through with the case and did not, after denying the motion, reserve jurisdiction for the purpose of adjudicating further questions yet undetermined. If the present appeal is entertained by us, it will not be of the piecemeal variety, with the prospect of subsequent appeals from orders or judgments issued by the court below at later stages in the proceeding. This is certainly true, if we should affirm the order on the merits. If we should reverse the order, accepting appellant's view that no final judgment in the patent suit has been rendered or entered, then the case would have to be remanded for entry of such final judgment, and no doubt would come back to us on appeal therefrom. The latter consideration has given us some pause, for, on appellant's premise that the district judge has not completed final action in the patent case, does it not logically follow that the order appealed from necessarily is interlocutory? But upon the whole it seems more sensible to test the finality by what the district judge thought he was doing. In the order now appealed from he made what he must have regarded as the proper disposition of the plaintiff's motion, and in that view there were no further proceedings in the case to be had before him. If he should be told on appeal that his order denying the motion was erroneous, and upon reversal and remand should find the case back in his lap for further proceedings, that is no more than happens in any case of a final judgment which is upset on appeal—it was "final" enough to be appealed from, but like the "permanent" wave, it lasted only six months. We have had that experience with final judgments of our own which were reversed by the Supreme Court.

In respect of finality, the order appealed from is not unlike an order denying a motion under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A., for correction of an allegedly illegal sentence, a type of order which we held appealable, as a "final decision", in Ekberg v. United States,

1 Cir., 1948, 167 F.2d 380. It is also not unlike the order we held appealable in Parker v. United States, 1 Cir., 1946, 153 F.2d 66, 69, 163 A.L.R. 379.

For the foregoing reasons, we think we have jurisdiction in the present case, and we proceed to consider the merits.

■ Appeals may be taken under 28 U.S.C.A. § 1291 only from "final decisions". The word "decision" is equivalent to "judgment", broadly defined in Rule 54(a) as including "a decree and any order from which an appeal lies." Ex parte Tiffany, 1920, 252 U.S. 32, 36, 40 S.Ct. 239, 64 L.Ed. 443. Appeal may not be taken from an opinion as such; nor even from a judgment, until it is "entered", for Rule 58 provides that "the judgment is not effective before such entry", and under the presently applicable provision of Rule 73(a), "the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from". What is meant by "entry" of the judgment is stated in Rule 58: "The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment". The provision of Rule 79(a) thus referred to requires the clerk to make a notation of "the substance of each order or judgment of the court", showing the date on which such notation is made, on the folio of the civil docket assigned to the action and marked with its file number. Rule 79(b) requires the clerk also to keep "a correct copy of every final judgment or appealable order" in such form and manner as the Director of the Administrative Office shall prescribe.

The foregoing provisions of the rules differentiate between a judgment and the "entry" of the judgment, with the implication that the judgment must pre-exist before the clerk can perform the clerical or ministerial act of entering it.

■ As stated in Commissioner of Internal Revenue v. Bedford's Estate, 1945, 325 U.S. 283, 286, 65 S.Ct. 1157, 89 L.Ed. 1611: "A judgment 'is the act of the court', Ex parte Morgan, 114 U.S. 174, 175, 5 S.Ct. 825, 29 L.Ed. 135, even though a clerk does all of the ministerial acts, as here, in conformity with his court's standing instructions." A final judgment is the concluding judicial act or pronouncement of the court disposing of the matter before it. But neither by statute nor by rule is there a requirement that judgment be pronounced in any particular way, or embodied in written form in a separate formal document entitled "Judgment". See United States v. Hark, 1944, 320 U.S. 531, 534, 64 S.Ct. 359, 88 L.Ed. 290. Whether such a judgment has been rendered depends primarily upon the intention of the court, as gathered from the record as a whole, illumined perhaps by local rule or practice. Commissioner of Internal Revenue v. Bedford's Estate, supra.

■ A judgment may be pronounced orally from the bench. Thus if the judge should say, "It is the judgment of the court that the complaint in this case be dismissed", that statement may be meant as the final judicial act, the rendition of judgment; and when the clerk, pursuant to ad hoc or standing instructions, later notes such judgment, or the substance of it, in the civil docket, the time for taking an appeal commences to run. An opinion is not itself a judgment, even though it contains conclusions of fact or of law, and foreshadows how the judge intends to dispose of the case. Not infrequently, however, there is tacked on at the end of an opinion a sentence in mandatory language such as: "The complaint is dismissed." In the understanding and practice of the particular court, this concluding sentence may be the final judgment, the concluding judicial act or pronouncement disposing of the case, to be entered by the clerk forthwith.[1] But not necessarily so. See Commissioner of Internal Revenue v. Bedford's Estate, supra, 325 U.S.

---

1. The mere fact that under the old learning an opinion was not part of a common law record, England v. Gebhardt, 1884, 112 U.S. 502, 504, 5 S.Ct. 287, 28 L.Ed. 811, does not compel the conclusion that "a statement in an opinion of the conclusion reached by the court, even though couched in mandatory terms, cannot serve as the order or judgment of the court." In re D'Arcy,

at page 286, 65 S.Ct. at page 1158. If it is the practice of the court to pronounce judgment in a more formal manner, in a separate document entitled "Judgment", then the concluding sentence at the end of the opinion amounts to no more than a direction to the clerk for the preparation of the final judgment on behalf of the court; the formal judgment will then be signed or initialed by the judge or issued in the name of the court under the attestation of the clerk (whatever is the local practice), and not until then will the clerk make the entry of the judgment in the civil docket in accordance with Rule 79(a).

In the case at bar, the judge said at the end of his opinion: "Judgment may be entered for the defendant for costs." Since this was a case in which the judge had decided to deny all relief to the plaintiff, it is clear under the local practice that the judge did not have in contemplation any subsequent judicial act of pronouncing judgment in a more formal manner. The sentence quoted does not direct the clerk to prepare a form of judgment for the judge to sign; it is at once the judgment itself (the final judicial act pronouncing the disposition of the case) and a direction to the clerk to enter such judgment without more. The judge and clerk were following a procedure specifically sanctioned by Rule 58: "When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk." We have examined the cases cited by appellant, In re D'Arcy, 3 Cir., 1944, 142 F.2d 313;

St. Louis Amusement Co. v. Paramount Film Distributing Corp., 8 Cir., 1946, 156 F.2d 400; St. Louis Amusement Co. v. Paramount Film Distributing Corp., 8 Cir., 1946, 158 F.2d 30. While not necessarily agreeing with all the language in the opinions in these cases, we think they were decided correctly on their facts and are not inconsistent with the view we take in the present case. In each of the cases cited, even though, as we think, a final judgment may have been pronounced by the judge, there was still the further difficulty that the clerk had failed to make due entry of such judgment as required by Rule 79(a), so that the appeal was premature. In Wright v. Gibson, 9 Cir., 1942, 128 F.2d 865, 866, also cited by appellant, a written opinion on motion to dismiss concluded with the statement, "The motion * * * is granted." The clerk entered a notation that an opinion had been filed and that pursuant thereto the motion was granted. We agree with the court that no final judgment had been entered in the case, though not on the ground that the concluding sentence of the opinion could not be a judgment or order. It seems to us that such sentence constituted an order, but that it was an interlocutory one, because, as the court noted later in its opinion: "An order which merely grants a motion to dismiss an action is not a final decision and is not appealable." The reason is, as pointed out in City and County of San Francisco v. McLaughlin, 9 Cir., 1925, 9 F.2d 390, that the mere granting of a motion to dismiss amounts to no more than a determination on the part of the court that the complaint is open to one more of the objections urged against it, but the action remains pending, with the complaint open to the possibility of amendment, until

3 Cir., 1944, 142 F.2d 313, 315. There being no requirement of statute or rule that judgment must be pronounced in any particular form, we see no reason why the court may not, if it chooses, embody its judgment in a sentence appended at the end of an opinion. This sentence, as the judgment, would then be part of a common law record, even though the preceding opinion might not

be. The old technicalities of a common law record would be inapplicable to the present case anyway, since the complaint here is in the nature of a bill in equity for an injunction and an accounting. Furthermore, law and equity are merged under the Federal Rules of Civil Procedure. Under Rule 75(g) it is prescribed that the opinion shall be certified and transmitted as part of the record on appeal.

the entry of a final judgment dismissing the complaint.

■ Appellant's final and perhaps most insistent point is that "Judgment for the defendant for costs" is not a final adjudication of the merits. Rule 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs". This means that the court has a wide discretion in awarding costs; it may withhold costs from either party, or divide the costs, or even, in appropriate circumstances, award costs to the losing party. The argument, therefore, is, that the judgment rendered and entered here does no more than adjudicate the subsidiary question of the awarding of costs, leaving the merits of the claim for patent infringement undetermined.

We think the foregoing argument is an over-refined technicality, at variance with the manifest intention of the district judge, as may be gathered from the opinion which built up to the conclusion that the patent claim in suit was invalid.[2] The argument would concededly not be available if the judgment had read: "Judgment for the defendant, with costs", or if it had merely read: "Judgment for the defendant", which would have automatically carried costs to the prevailing party under Rule 54(d). The common-sense interpretation of the judgment is that the defendant wins on the merits, with costs thrown in, though it could be more clearly expressed. Counsel for the plaintiff could hardly have been misled by the form of the judgment, for the district judge used substantially the same form in Bellavance v. Frank Morrow Co., Inc., 1 Cir., 1944, 141 F.2d 378, certiorari denied 1944, 322 U.S. 742, 64 S.Ct. 1144, 88 L.Ed. 1575. That was also a suit for patent infringement in

which the opinion of the court [49 F.Supp. 576, 580] concluded with the sentence: "Judgment is, therefore, entered for the defendant for costs", and on the same day the clerk made the notation in his civil docket: "Opinion filed (Copy given to Mr. Frucht and Mr. Boyajian) Judgment for Defendant for costs, entered and filed". We entertained an appeal from that judgment, and it was not suggested to us by counsel for appellee in that case (who is now counsel for appellant in the case at bar), that the judgment was not a "final decision".

■ Furthermore, even if the judgment was technically defective in form, it seems to us that the defendant, the prevailing party, is the only one who could properly object that the ambiguity in the judgment may complicate its subsequent use by the defendant as a collateral estoppel against the plaintiff on the use of validity of the patent. The judgment, however, was obviously intended by the judge as his final disposition of the case, and the plaintiff's real grievance, which it could have urged by a timely appeal, was that the judgment did not give the plaintiff the affirmative relief it sought in the complaint.

Our conclusion is, therefore, that a final judgment was rendered in the patent suit, and that upon its entry plaintiff could have taken an appeal therefrom. Final judgment having already been entered and the time for taking the appeal having expired, the court did not err in denying plaintiff's motion for the entry of final judgment.

In No. 4421 Original, the petition for writ of mandamus is dismissed.

In No. 4425, the order of the District Court is affirmed.

---

2. It can hardly be doubted today that an opinion may be examined for the purpose of determining, in a case of doubt, what was adjudicated by the judgment. Cf. footnote 1 supra. See Loeb v. Trustees of Columbia Township, 1900, 179 U.S. 472, 481–485, 21 S.Ct. 174, 45 L. Ed. 280; Nalle v. Oyster, 1910, 36 App. D.C. 36, 41, and on appeal 1913, 230 U.S. 165, 181, 33 S.Ct. 1043, 57 L.Ed. 1439.

In Am. L. Inst. Restatement of Judgments § 68, Comment k, it is stated that for purposes of res judicata and collateral estoppel, extrinsic evidence may be resorted to for the purpose of determining what was adjudicated by a judgment in a previous case. Frequently an opinion will be incorporated in a judgment by specific reference—a practice which has much to commend it.