William H. LEGATE, Petitioner, Appellant,

v.

J. Joseph MALONEY, Jr., Receiver, Appellee.

No. 6020.

United States Court of Appeals First Circuit.

Sept. 28, 1962.

Mark M. Horblit, Boston, Mass., and Samuel H. Kalish, Boston, Mass., on brief in opposition to motion to dismiss appeal.

Marcien Jenckes, James C. Heigham, Charles H. Morin and Choate, Hall & Stewart, Boston, Mass., on motion to dismiss and brief in support thereof.

Before WOODBURY, Chief Judge, and HARTIGAN, Circuit Judge.

PER CURIAM.

The court below on a complaint filed by the Securities and Exchange Commission issued a temporary restraining order and appointed a receiver for a co-partnership in the stock brokerage business in Boston, Massachusetts, by the name of du Pont, Homsey & Company. In the course of the proceedings which followed the appellant filed a petition in which he alleged that he had become a limited partner in the firm, turning over to it $80,000 in cash and securities, and that he had filed a proof of claim with the receiver (a) rescinding the partnership agreement and seeking return of his capital contribution to the partnership on the ground of fraud, (b) claiming items provided for him in the partnership agreement and (c) making a separate claim as a customer. The entire proof of claim was referred to a master who has not yet filed his report.

As relief the appellant asks in his petition for rescission of his partnership agreement on the ground of fraud and in addition he seeks to establish his standing as a general creditor for the amount of his partnership contribution, to establish priority over the New York Stock Exchange as a creditor and to recover the amount of his partnership contribution, less any amount he might recover from the assets of the firm, directly from the Exchange. The receiver answered by filing a petition for setoff and for affirmative relief by way of counterclaim and moved to dismiss the appellant's petition insofar as it sought to establish priority over other creditors or to direct recovery against the New York Stock Exchange. After the hearing the court below filed a memorandum of decision concluding as follows:

"The motion of the receiver to dismiss the petition of Legate is allowed with respect to the claim for priority of Legate over other creditors and to the claim against the New York Stock Exchange. The motion of Legate to dismiss the receiver's petition for setoff and counterclaim is denied."

Legate, alleging the foregoing to be a judgment dismissing his petition, filed notice of appeal. The receiver has moved in this court to dismiss the appeal on the ground that the action of the District Court is not a final or otherwise appealable judgment or order.

**230**

We think the receiver's position is well taken. Not only was no formal separate order or judgment entered by the District Court, but also, even if by stretching the point to attenuation, we could regard the final paragraph of the court's memorandum of decision as an informal judgment or order within the ambit of United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958), and In re Forstner Chain Corp., 177 F.2d 572 (C.A. 1, 1949), it is evident that the action taken by the court did not dispose of every issue raised by the petition to say nothing of the issues raised in the receivership proceeding as a whole. The court's action at the most was purely interlocutory and no attempt has been made to invoke the procedures for appealing such action, if indeed such procedures are available.

An order will be entered dismissing the appeal for lack of appellate jurisdiction.