**Antonio FERNANDEZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 82 Civ. 3714 (CHT).**

United States District Court, S.D. New York.

Dec. 16, 1982.

Antonio Fernandez, pro se.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for the Government; Louis J. Freeh, Asst. U.S. Atty., New York City, of counsel.

### MEMORANDUM and ORDER

TENNEY, District Judge.

Petitioner Antonio Fernandez has moved pursuant to 28 U.S.C. § 2255 to vacate the sentence imposed upon him by this Court. He presents four alternate claims as a basis for relief. For the reasons described below, the motion is denied.

*Background*

On March 24, 1980 a Federal Grand Jury empaneled in the Southern District of Florida filed a six-count indictment against Fernandez and four others. The first and second count charged them with conspiring to import and distribute heroin in violation of 21 U.S.C. §§ 846 and 963. The other counts did not involve Fernandez. On September 24, 1980, Judge Alcee L. Hasting entered an order pursuant to Federal Rule of Criminal Procedure ("Rule") 21(b) transferring so much of the indictment as concerned Fernandez to the Southern District of New York.

Subsequently, after a one-and-a-half day bench trial, the Court convicted the defendant on both counts and sentenced him to serve two consecutive three year terms of imprisonment. The Court later suspended the second sentence, ordering Fernandez to be placed on probation during the period of that sentence. Notwithstanding the fact that he signed a written waiver, Fernandez thereafter appealed his conviction on the

ground that he did not knowingly and intelligently waive his right to a jury trial. His conviction was affirmed. *United States v. Fernandez,* 661 F.2d 911 (2d Cir.1981).

Fernandez now moves pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence on the grounds that: (1) the government used illegally seized evidence at his trial in violation of his Fourth Amendment rights; (2) the government failed to produce evidence in accordance with a Court directive, thus violating his Fifth Amendment rights, as set out in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (3) his counsel provided ineffective assistance, in violation of his Sixth Amendment rights, and (4) the Court improperly considered a prior conviction to enhance punishment.

*Discussion*

### A. Fourth Amendment Claim

Evidence seized in violation of the warrant requirement of the Fourth Amendment must be suppressed. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920); *Weeks v. United States,* 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914), unless the seizure falls within one of the traditional exceptions to this rule. *See, e.g., United States v. Ross,* —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (search of packages found during warrantless automobile search is an exception); *United States v. Robinson,* 414 U.S. 218, 224, 94 S.Ct. 467, 471, 38 L.Ed.2d 427 (1973) (search

incident to a lawful arrest is a traditional exception).

Fernandez concedes that his arrest was lawful. Memorandum of Law in Support of Motion to Vacate Sentence ("Petitioner's Memorandum") at 4. But now, for the first time in this post conviction motion for relief, he claims that an exhibit [1] used to link him with one of the coconspirators was not seized from his person or from an area within his immediate control, but was taken from his personal locker, which was not near the arrest site. Citing *United States v. Robinson, supra,* he argues that since the search was not incident to a lawful arrest the evidence should have been suppressed.

The trial record, however, indicates that the evidence was taken from Fernandez's person. Trial Transcript at 88. His attorneys did not object to this testimony at trial nor did they bring up this point on appeal. Petitioner has, therefore, erected a number of insurmountable hurdles that prevent the Court from entertaining his Fourth Amendment claim.

■ First, petitioner does not present a colorable claim that the Drug Enforcement Administration ("DEA") agents took the exhibit from any other place but his person. No evidence supports his claim. Second, and more important, assuming *arguendo* that the government found the exhibit in his locker and an agent testified to this at trial, Fernandez waived his right to complain about the alleged illegal seizure in his § 2255 petition by not raising this point in a pretrial motion pursuant to the requirements of Rule 12.[2] The Rule clearly states

---

1. The exhibit was an American Airlines advertisement that had the phone number of a girlfriend of a coconspirator written on it.

2. Rule 12 provides, in pertinent part, as follows:

   (b) Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:
   (1) Defenses and objections based on defects in the institution of the prosecution; or

   (2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings); or
   (3) *Motions to suppress evidence;*

   . . . .

   (f) Effect of Failure to Raise Defenses or Objections. Failure by a party to raise defenses or objections or *to make requests* which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the

that motions to suppress evidence must be raised before trial or they will be deemed waived. *United States v. Natale,* 526 F.2d 1160, 1172–73 (2d Cir.1975), *cert. denied,* 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 193 (1976) (appellants may not, for first time on appeal, raise claim that material ought to have been suppressed since motion to suppress under Rules 12(b) and 41(f) must be made prior to trial); *United States v. Rollins,* 522 F.2d 160, 165 (2d Cir.1975), *cert. denied,* 424 U.S. 918, 96 S.Ct. 1122, 47 L.Ed.2d 324 (1976) (claim raised after trial was clearly waived by defendant's failure to move for suppression prior to trial).

Section 2255 does not have a waiver provision, nor does it incorporate Rule 12 by reference. However, in *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), the Supreme Court, discussing Rule 12(b)(2) (predecessor to 12(f)[3]), stated that

> it [is] inconceivable that Congress, having in the criminal proceeding foreclosed the raising of a claim such as this after the commencement of trial ... nonetheless intended to perversely negate the Rule's purpose by permitting an entirely different but much more liberal requirement of waiver in federal habeas proceedings. We believe that the necessary effect of the congressional adoption of Rule 12(b)(2) is to provide that a claim once waived pursuant to that Rule may not later be resurrected, either in the criminal proceedings or in federal habeas proceedings.

*Id.* at 242, 93 S.Ct. at 1582–83. In *Davis, supra,* the defendant sought to challenge the composition of the grand jury for the first time in his § 2255 motion.[4] The Court held that "the waiver standard expressed in Rule 12(b)(2) governs an untimely claim of grand jury discrimination, not only during the criminal proceeding, but also later on collateral review." *Id.* The Court stated

that once a defendant waived a claim pursuant to Rule 12 he could introduce the matter in his § 2255 proceeding only by showing both a cause excusing the procedural default and actual prejudice resulting from the error. *Id.* at 243–44, 93 S.Ct. at 1583.

While the holding in *Davis* was limited to the waiver of an objection to the composition of a grand jury, the Second Circuit in *Indiviglio v. United States,* 612 F.2d 624 (2d Cir.1979), *cert. denied,* 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768 (1980), found that under the principles of *Davis,* "the waiver provisions of Rule 12(b) [concerning the suppression of evidence] apply ... [when] an accused seeks to raise his constitutional claims for the first time ... [in] his collateral attack on that conviction in a 28 U.S.C. § 2255 petition." *Id.* at 630. *See also United States v. Underwood,* 440 F.Supp. 499 (D.R.I.), *aff'd without opinion,* 553 F.2d 91 (1st Cir.), *cert. denied,* 430 U.S. 950, 97 S.Ct. 1590, 51 L.Ed.2d 799 (1977).

Therefore, even if Fernandez could prove that the evidence was illegally taken, he must still meet the "cause and actual prejudice" standard established in *Davis* to overcome the 12(b) waiver provision. Fernandez fails to meet this standard. He presents no reason why his attorney did not object at trial. Moreover, he cannot show actual prejudice, since the government introduced evidence other than the exhibit in question, linking Fernandez to the coconspirators. Consequently, the Court is precluded from reviewing Fernandez's claim that there was a Fourth Amendment violation.

### B.  Brady Material

As a second ground for his motion, petitioner relies on *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In *Brady* the Court held "that the suppression

---

court for cause shown may grant relief from the waiver.
(Emphasis added).

**3.**  The relevant sections of Rule 12(b) & (f) were originally contained in Rule 12(b)(2).  The sub-

sections of Rule 12 were renumbered by amendment in 1974.

**4.**  An objection to the composition of a grand jury is included as one of the pretrial motions under Rule 12(b).  See note 2, *supra.*

by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87, 83 S.Ct. at 1196–97. *See also Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972) (*Brady* principle covers material evidence that could be used to impeach a government witness whose reliability could determine guilt or innocence).

In *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Court refined the *Brady* principle by delineating the three possible situations in which the rule could apply and the standard of materiality that should be applied to each. *Id.* at 103–04, 110–12, 96 S.Ct. at 2397–98, 2400–01. And in *Ostrer v. United States,* 577 F.2d 782 (2d Cir.1978), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1018, 59 L.Ed.2d 73 (1979), the Second Circuit, reviewing the Court's conclusions in *Agurs,* stated that in the first two situations, "where the undisclosed evidence shows that the Government's case includes perjured testimony and that the prosecutor knew, or should have known, of the perjury" or, second, "where the defendant made a specific request for particular undisclosed information," a strict standard of materiality applies. *Id.* at 786.

█ Thus, if any reasonable likelihood exists that the withheld information could have influenced the outcome of the trial, the defendant is entitled to a new trial. *Id.* (citing *United States v. Agurs, supra,* 427 U.S. at 103–04, 96 S.Ct. at 2397). *See also United States v. Menghi,* 641 F.2d 72, 74 (2d Cir.), *cert. denied,* 451 U.S. 975, 101 S.Ct. 2058, 68 L.Ed.2d 356 (1981); *United States v. Provenzano,* 615 F.2d 37, 47 (2d Cir.), *cert. denied,* 446 U.S. 953, 100 S.Ct. 2921, 64 L.Ed.2d 810 (1980).

On the other hand, if the defendant makes only a general request, or no request at all, "he is entitled to a new trial only if the undisclosed evidence, viewed in the context of the entire record, creates a reasonable doubt that otherwise would not exist." *Ostrer v. United States, supra,* 577 F.2d at 786 (citing *United States v. Agurs, supra,* 427 U.S. at 112–13, 96 S.Ct. at 2401–02). *See also United States v. Gilbert,* 668 F.2d 94, 97 (2d Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2014, 72 L.Ed.2d 469 (1982); *United States v. Menghi, supra,* 641 F.2d at 74–75; *United States v. Provenzano, supra,* 615 F.2d at 47.

Petitioner argues that a report allegedly prepared by DEA agent Hatcher was not produced in compliance with a discovery order. Fernandez claims that the report recapitulates an allegedly exculpatory statement he made in response to DEA agent Hatcher's request that he join Hatcher and DEA agent Ronald Jordison and Ken Gijsbertha (a coconspirator) in a ride.[5] Petitioner's Memorandum at 11.

In opposition, the government claims that no such report was prepared, Affidavit of DEA Agent Jordison, sworn to September 22, 1982, ¶ 3, and that Fernandez could have called Hatcher as his own witness in order to elicit this statement. Government's Memorandum of Law in Opposition to the Motion of Fernandez to Vacate his Sentence ("Government's Memorandum") at 5. Indeed, the record supports the government's position. No specific mention of the report was made during trial or during any of the pretrial conferences.[6]

However, even if the report did exist and the government failed to supply it to Fernandez, he is not entitled to a new trial under the standards established in *Agurs,*

---

**5.** The alleged statement was: "Look, I don't know what [sic] going on here. I don't know anything, I'm only giving Ken a ride, you'll have to go inside and ask Ken and Ron." Petitioner's Memorandum at 11.

**6.** At a pretrial conference petitioner's counsel stated that "[b]ased on reading the [Drug Enforcement Administration] reports, it ap-

pears—and I am making a presumption—that there are further reports. I don't have any specific information, just my reading of the reports and the way they end. I believe there may be further reports." Transcript of Pretrial Conference before this Court, held on November 25, 1980 at 5–6, *United States v. Fernandez,* 80 Cr. 704 (CHT) (S.D.N.Y. Jan. 27, 1981).

*supra.* Fernandez claims that his demand—and the court's order—was for the production of specific documents. Petitioner's Memorandum at 9. Nevertheless, the court's order, issued in response to Fernandez's motion for discovery, was not sufficiently specific to come within the second *Agurs* category outlined above.[7] Only items a and c from the court order, which require the production of "all Brady material" and copies of all statements made by the defendant,[8] could apply to the alleged report.

■ In *Ostrer, supra,* the court found that a similar request "amounted to nothing more than a boilerplate demand for "all *Brady* material' or 'for anything exculpatory,'" 577 F.2d at 586 (citing *United States v. Agurs, supra,* 427 U.S. at 106–07, 96 S.Ct. at 2399). *See also United States v. Menghi, supra,* 641 F.2d at 74 n. 1. A specific request, in contrast, is one that puts the prosecutor on notice of the exact requirements of the defense. *Ostrer v. United States, supra,* at 786–87. Since only a general request was made, petitioner has the burden under *Agurs* of establishing that the alleged report creates a reasonable doubt about his guilt when viewed in the context of the entire record. *Id.* Having made no showing in his petition that the report would create reasonable doubt, petitioner has failed to meet this burden.

■ Moreover, a review of the record convinces this Court that even had Fernandez made a specific request for the report, he still would not be entitled to a new trial. The Court outlined its findings and conclu-

sions concerning his guilt in its written opinion. *United States v. Fernandez,* No. 80 Cr. 704 (S.D.N.Y. Jan. 27, 1981). There is no need to repeat them here. Suffice it to say, that no reasonable likelihood exists that the purported statement would alter the Court's findings.

### C. Ineffective Assistance of Counsel

■ The Sixth Amendment guarantees a criminal defendant effective assistance of counsel. *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980); *Argersinger v. Hamlin,* 407 U.S. 25, 29–33, 92 S.Ct. 2006, 2008–10, 32 L.Ed.2d 530 (1972). Although the other circuits have adopted a high standard of assistance, *i.e.,* the "reasonable competence" standard or a variation thereof, see, *e.g., Cooper v. Fitzharris,* 586 F.2d 1325, 1328 (9th Cir. 1978), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979); *United States v. Bosch,* 584 F.2d 1113, 1121 (1st Cir.1978); *United States v. Toney,* 527 F.2d 716, 717, 720 (6th Cir.1975), *cert. denied,* 429 U.S. 838, 97 S.Ct. 107, 50 L.Ed.2d 104 (1976), the standard governing effective assistance of counsel in this circuit continues to be the much lower "farce and mockery of justice" standard established in *United States v. Wight,* 176 F.2d 376 (2d Cir.1949), *cert. denied,* 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). *See also United States v. Helgesen,* 669 F.2d 69, 71 (2d Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 1978, 72 L.Ed.2d 445 (1982); *Indiviglio v. United States, supra,* 612 F.2d at 627.

Fernandez asserts that his trial was a "farce and mockery" because his attorney

---

**7.** Petitioner raises no argument in reference to perjured testimony and thus does not claim to fall within the first category delineated in *Agurs, supra,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

**8.** The court ordered the following materials to be turned over to petitioner:
   a.) any and all *Brady* Material known to it or as it may become known to it. *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).
   b.) any and all promises, agreements or understandings as to any immunity, leniency, advantages or preferential treatment and/or

other benefits of any kind to any of its witnesses. *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972);
   c.) any logs, tapes, transcripts or recording of any statements or conversations of the defendant;
   d.) FBI record and arrest, bad acts or prior misconduct known to it of any of its witnesses to call at trial;
   e.) any threat of any prosecution, investigation or deportation of any witness made by any government agent.
*United States v. Fernandez,* 80 Cr. 6013 (S.D. Fla. June 6, 1980) (discovery order) at 4.

(1) failed to request a *James* hearing, as authorized by *United States v. James,* 576 F.2d 1121 (5th Cir.1978), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979), so that the Court could make the threshold determination that a conspiracy existed; (2) failed to request the sequestration of witnesses; and (3) failed to investigate allegations that witnesses were threatened or promised immunity or both. Petitioner's Memorandum at 15–16. Petitioner argues that the totality of these errors amounts to a "farce and mockery." *Id.* at 17.

■ An examination of the record, however, demonstrates that there was not such "[a] lack of effective assistance of counsel . . . as to shock the conscience of the Court and make the proceedings a farce and mockery of justice." *United States v. Wight, supra,* 176 F.2d at 379 (citations omitted). First, concerning counsel's failure to request a *James* hearing, the Court notes that the standard in this circuit for admission of statements by coconspirators was established in *United States v. Geaney,* 417 F.2d 1116 (2d Cir.1969), *cert. denied,* 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970), not in *United States v. James, supra. See also United States v. Mastropieri,* 685 F.2d 776, 786–90 (2d Cir.1982). At the end of the government's case the Court weighed the evidence against this standard and found that a conspiracy existed and that Fernandez was a member of it. Trial Transcript at 137. Therefore, his counsel had nothing to object to. Second, the petitioner cites no cases, and the Court can find none, that hold that a defense attorney's failure to request sequestration of witnesses in a conspiracy trial amounts to ineffective assistance of counsel. Counsel's decision to have witnesses sequestered falls in the area of trial strategy. As has often been noted, it is not the duty of this Court to second-guess an attorney's chosen strategy simply because it fails. *See United States v. Helgesen, supra,* 669 F.2d at 72; *United States v. Aulet,* 618 F.2d 182, 189 (2d Cir.1980). Third, although inadequate preparation and failure to investigate a case are certainly grounds for finding ineffective assistance

of counsel, *see Barnes v. Jones,* 665 F.2d 427, 434 (2d Cir.1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 2902, 73 L.Ed.2d 1312 (1982); *Morrow v. Parratt,* 574 F.2d 411, 413 (8th Cir.1978); *Nelson v. Smith,* 504 F.Supp. 1139, 1145 (E.D.N.Y.), *aff'd,* 659 F.2d 1061 (2d Cir.1981), the record indicates that Fernandez's attorney was not derelict in his duty to investigate or prepare for trial. The strength of the government's case was overwhelming. The testimony of the federal agents linked Fernandez directly to the conspiracy. Under these circumstances " 'there is not too much the best defense attorney can do.' " *United States ex rel. Testamark v. Vincent,* 496 F.2d 641, 643 (2d Cir.1974), *cert. denied,* 421 U.S. 951, 95 S.Ct. 1685, 44 L.Ed.2d 105 (1975) (quoting *United States v. Katz,* 425 F.2d 928, 930 (2d Cir.1970).

Regardless of whether the farce and mockery standard or the reasonable competence standard is applied to the conduct of Fernandez's counsel, the Court concludes that petitioner certainly received effective assistance of counsel.

### D. Improper Consideration of Prior Conviction in Sentencing

"[A] conviction obtained in violation of *Gideon v. Wainwright* [, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] [may not] be used against a person . . . to . . . enhance punishment for another offense. . . ." *Del Piano v. United States,* 575 F.2d 1066, 1067 (3d Cir.1978), *cert. denied,* 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979) (quoting *Loper v. Beto,* 405 U.S. 473, 481, 92 S.Ct. 1014, 1018, 31 L.Ed.2d 374 (1972)). Fernandez claims that the Court improperly considered a juvenile conviction, which allegedly was obtained without assistance of counsel, to enhance punishment. Petitioner's Memorandum at 18.

■ The claim is frivolous. This is not a case where defendant's criminal record played a major role in sentencing. *See United States v. Malcolm,* 432 F.2d 809, 816 (2d Cir.1970) (sentence which relied on a misreading of a garbled criminal record vio-

lates due process). The trial transcript is clear, and while Fernandez's presentence report indicated a prior juvenile conviction and the Court noted this in passing, it was not given any weight at the sentencing hearing.[9]

For the above reasons petitioner's motion to vacate his sentence is denied.[10]

So ordered.

---

**9.** At that time the Court stated that:

> The Court is aware that [Fernandez] has no prior serious criminal record . . . .
>
> I have considered the sentence already impose[d] [on the other conspirators] . . . . In neither case was there probation granted . . . . Normally in a case of this type . . . [the sentence] would be five or seven years. I am not going to impose a sentence of that length, but *I will impose a prison sentence which I think is completely fitting for the crime that was committed and in which this defendant participated.*

Transcript of sentencing hearing before this Court, held on March 16, 1981, at 5–6 (emphasis added).

**10.** No hearing is required in this case since the Court finds that, even if the facts in the case were as petitioner alleges, no grounds for relief have been presented. *See Silverman v. United States,* 556 F.2d 655, 659 (2d Cir.), *cert. denied,* 434 U.S. 956, 98 S.Ct. 484, 54 L.Ed.2d 315 (1977); *United States v. Malcolm,* 432 F.2d 809, 812 (2d Cir.1970) (and cases cited therein).