NYGAARD, Circuit Judge,
concurring and dissenting.
I agree with much of what my colleagues have said in the majority opinion. But the little that separates us is very important. I write separately because I am not as convinced as they that having determined that the opinion issued by the bankruptcy court was totally unwarranted and upon an issue that was moot, we should then take the next step and vacate it. I would not.
The majority does not analyze this issue but simply concludes that because the opinion was wholly unnecessary, and the bankruptcy court was constitutionally disabled from doing what it did, we must strike the opinion. I am not so convinced. It is obvious that the opinion is dictum. Indeed, nothing in it is necessary to explain the order emanating from it. Accordingly, the opinion is precedent for nothing. It is a nullity. It cannot properly be cited for anything. It has absolutely no holding. Kastigar v. United States, 406 U.S. 441, 454-55, 92 S.Ct. 1653, 1662, 32 L.Ed.2d 212 (1972) (“The broad language ... relied upon by petitioners was unnecessary to the court’s decision, and cannot be considered binding authority.”). Indeed, as the appellant points out, the only reason why the bankruptcy court issued its opinion was because it “decided to finalize and publish its opinion here because the issues addressed were of a recurrent nature and were unsettled under current law.” Brief at 13.[1]
First of all, I believe, contrary to the majority, that there is indeed a “case” here. It is the whole bankruptcy matter given the bankruptcy court to decide. Moreover, there is also a “controversy.” It is whether the settlement should be approved by the court. What has been taken from the decision-making powers of the bankruptcy court is the issue of whether the objections filed by the DEP should be overruled. *710 That issue, of course, was mooted when the DEP withdrew its objections. That having been said, I conclude, nonetheless, that the real issue in this case is this: even given that this is an issue which should never have been decided, and from which an opinion should never have been issued, should we vacate the opinion when the order which emanated from it is not offensive to or aggrieves either party? I do not think we can.
I agree with the majority that there is a final and appealable order from the district court. It refused to vacate the opinion. Hence, I would not dismiss this appeal.[2] But when the DEP made its oral motion to the bankruptcy court, the DEP was aggrieved by no order. The order did exactly what all parties wanted the bankruptcy court to do: it approved the settlement. Hence when the DEP moved in the telephone hearing with the bankruptcy court, its objection was to an opinion not an order, and I conclude that when the bankruptcy court refused to vacate its opinion, that refusal is not appealable and the district court should have dismissed DEP’s appeal. Silverman v. United States, 556 F.2d 655, 656 (2d Cir.1977) (“Of course, denial of a motion to vacate an opinion is nonap-pealable.”) (emphasis in original).
It is fundamental that the basis for review is an order not, as here, an opinion. 28 U.S.C. § 158(a) provides “The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees[.]” United States ex rel. Fielding v. Degnan, 587 F.2d 619, 621 (3d Cir.1978) (“An opinion of a court is not appealable as such, however, and the findings and conclusions set forth in it are not directly reversible on appeal, but only when and as they are incorporated in or support an order, judgment or decree of the court which is under appellate review.”); EEOC v. Pennsylvania, 768 F.2d 514, 516, n. 1 (3d Cir.1985) (appeal from reasoning of the court below that it is not essential to the judgment, is not an appeal from the order of judgment, and should be dismissed for lack of jurisdiction). In re D’Arcy, 142 F.2d 313, 315 (3d Cir.1944) (“A statement in an opinion of the conclusion reached by the court, even though couched in mandatory terms, cannot serve as the order or judgment of the court.”).
It can be argued that what is appealed from here is an order — the denial of the motion to vacate. While facially attractive, this reasoning is specious because then all one who has received a favorable decree emanating from an erroneous or unnecessary opinion or finding it dislikes needs to do to get the opinion before us, is request the trial court to vacate the opinion and appeal the denial. To adopt this reasoning would violate both the letter and spirit of well-established appellate jurisprudence, because one simply cannot appeal unless one is aggrieved by an order, not an opinion. As the Supreme Court held, “A party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree.” Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939) (emphasis added), citing Lindheimer v. Illinois Bell Telephone Company, 292 U.S. 151, 176, 54 S.Ct. 658, 668, 78 L.Ed. 1182 (1934) (respondent “is not entitled to prosecute such an appeal for the purpose of procuring a review of the findings of the court below....”).
More specifically, we have said that “in the federal courts an opinion is not a part of the record proper,” D’Arcy, 142 F.2d at 315, citing England v. Gebhardt, 112 U.S. 502, 5 S.Ct. 287, 28 L.Ed. 811 (1884). Moreover, a party who receives in its decree what he or she seeks is not aggrieved and cannot appeal. Armotek Indus., Inc. v. Employers Ins., 952 F.2d 756, 759 n. 3 (3d Cir.1991) (defendant’s appeal dismissed because it was not aggrieved by the court’s judgment in its favor), citing Deposit Guaranty Nat’l Bank v. Roper, 445 U.S. 326, 334, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980) (when judgment was entered in *711 the court below for defendant/appellant without his consent and over his objection, the Court held that because he received all he sought he “is not aggrieved by the judgment offering relief and cannot appeal”); Cobb v. Aytch, 539 F.2d 297, 300 (3d Cir.1976) (appellants suffered no adverse impact from the decree and lacked standing). See Watson v. City of Newark, 746 F.2d 1008, 1010 (3d’Cir.1984) (“Generally, a party who receives all of the relief which he sought is not aggrieved by the judgment affording the relief and cannot appeal from it.”); In re Arthur Treacher’s Franchisee Litigation, 689 F.2d 1137, 1149, n. 16 (3d Cir.1982) (party who is successful in the court below has “no right of appeal from a judgment in its favor for the purpose ‘of obtaining a review of findings he deems erroneous which are not necessary to support the decree’ ”), quoting Thomas & Betts, 307 U.S. at 242, 59 S.Ct. at 860. For example, a party may be the victim of court errors, decisions, and opinions of constitutional proportion, but if the final decision, order or judgment is in her or his favor, the court’s sins, while not forgiven, but are beyond review. I have found no case, the majority points to no case, nor have the parties brought to our attention any case in which a federal appellate court has vacated an opinion, even a constitutional nullity, when the decree emanating from it has not aggrieved the appellant in some way.
We all recognize that what the bankruptcy court did was to reach out to decide a question which was moot, to file an opinion upon an issue which it was not called upon to decide, and moreover, to at least violate a' long-standing policy of the federal courts that we simply will not reach a constitutional question (or more importantly nullify a state law) in advance of necessity. Rescue Army v. Municipal Court, 331 U.S. 549, 568, 67 S.Ct. 1409, 1419, 91 L.Ed. 1666 (1947) (there is “a policy of strict necessity in disposing of constitutional issues”). Nonetheless, I would say, as the Court of Appeals for the Second Circuit said, that an order denying a motion to vacate an opinion is not appealable. Silverman, 556 F.2d at 656. See United States v. Collins, 300 F.2d 821, 822 (1st Cir.1962) (an appeal from the opinion of a court below will be dismissed for lack of jurisdiction); Richland Trust Co. v. Federal Ins. Co., 480 F.2d 1212, 1213 (6th Cir.1973) (court found no jurisdiction to entertain an appeal from the opinion of the court below); Warner Brothers, Inc. v. DAE Rim Trading, Inc., 877 F.2d 1120, 1127 (2d Cir.1989) (an appeal does not lie from an opinion of the court below); Highland Supply Corp. v. Reynolds Metals Co., 327 F.2d 725, 729 (8th Cir.1964) (“Only judgment decrees and specific rulings — not opinions or reasons for final action taken ... are reviewable by us.”). See also New York Telephone Co. v. Maltbie, et al., 291 U.S. 645, 54 S.Ct. 443, 78 L.Ed. 1041 (1934) (appellant not entitled to an appeal from a decree for the purpose of reviewing portions of the decree that are not res judicata).
I would not vacate the opinion. To do so violates well-established appellate jurisprudence. It does not matter how you characterize the bankruptcy court’s errors in its opinion; unless there is an order which emanates from it that aggrieves the appellant, the opinion remains beyond our appellate reach. I would reverse and remand to the district court with instructions for it to dismiss the appeal from the bankruptcy court’s ruling as nonappealable and leave the opinion to be recognized for what it is — one hundred percent dictum.

. The bankruptcy court expressed wholly illegitimate reasons for issuing an opinion upon a moot issue; so “that all of that work did not have to go to waste and that all of that work has resulted in a written precedent which will be available for future cases.” I note that trial court opinions are not written to be prece-dential, but are "justificatory only, designed to explain the tribunal’s decision." Ruggero J. Al-disert, Opinion Writing, at 151 (West Publishing Co. 1990).

. If this appeal called upon us to review a district court's refusal to vacate its own opinion, I would dismiss as nonappealable.